IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-958-T-27

BKC No. 8:11-bk-498-MGW

IN RE:

HEIDI J. CECIL,

                Debtor.
_____/
MELISSA WEST and
THE TRADESMEN GROUP, INC.,

                Appellants,

vs.

TERRY E. SMITH,
Chapter 13 Trustee,

                Appellee.
_____/

Appeal from the United States Bankruptcy Court
for the Middle District of Florida

(August 2, 2012)

In this appeal from the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 8:11-bk-498-MGW, Melissa West and the Tradesman Group, Inc. ("**Appellants**") seek reversal of the Bankruptcy Court's *Order Approving Application to Employ*

1

*Anthony J. Comparetto as Special Counsel* (Bankr. Dkt. 117). For the reasons discussed, the order of the Bankruptcy Court is **REVERSED** and this cause is remanded for proceedings consistent with this decision.

### Factual and Procedural Background

This appeal arises from the Chapter 13 bankruptcy proceeding filed by Heidi J. Cecil (the "**Debtor**") and relates to an ongoing dispute between an individual and a group that claims to be the Debtor's largest creditors, Marne Fauber and Appellants. *See* Record on Appeal (Dkt. 10), pp. 1-3; Dkt. 10-10, p. 7.[1] The record reveals that Fauber and Debtor are good friends and business partners. *See* Dkt. 10-12, p. 9. In addition, Appellant West is the Debtor's sister. *See* Dkt. 10-7.

The Debtor objected to the claim of Appellants (Dkt. 10-7), contending that she does not owe any monies to Appellant The Tradesmen Group, Inc. and that Appellant West failed to demonstrate that she holds a secured claim against the Estate. *Id.* at pp. 1-2. Appellants filed an adversary complaint to determine the validity, priority, and extent of their lien or other interest. *See* Case No. 8:11-ap-00400-MGW. On October 25, 2011, Fauber was deposed by counsel for Appellants in connection with the pending adversary proceeding. *See* Dkt. 10-14, p. 3. Comparetto represented Fauber at the deposition. *See id.* at p. 4.

Appellants moved to convert the Chapter 13 case to a liquidation proceeding under Chapter 7 of the Bankruptcy Code based on, *inter alia*, the Debtor's concealment of assets and her lack of income. *See* Dkt. 10-12. In a November 14, 2011 Supplement in support of their motion to convert, Appellants cited Fauber's deposition testimony to support their allegation that Debtor failed to

---

[1] The Debtor's Amended Schedule F lists Fauber and West as holding unsecured claims in the amount of $66,460.40 and $100,000, respectively. *See* Dkt. 10-10, p. 7.

disclose various assets, transfers, and other transactions (including a transfer of her 20% ownership interest in a company to Fauber in January 2011). *See* Dkt. 10-18. Appellants apparently also contend that all or a portion of Fauber's claim against the Estate should be denied and question the legitimacy of certain prepetition transfers by and between Fauber and the Debtor. The motion to convert the Chapter 13 case to a Chapter 7 proceeding was not ruled on.

On February 16, 2012, the Chapter 13 Trustee filed an Application to Employ Anthony J. Comparetto ("Comparetto") as Special Counsel pursuant to F.R.B.P. 2014 and Bankruptcy Code §405(b). In the application, the Trustee proffered that "[p]roperty in the bankruptcy estate includes an action based upon a claim to recover monies due the estate either through preferential and/or fraudulent transfers." *See* Dkt. 10-22; Dkt. 10-27, p. 4.

On March 30, 2012, the Bankruptcy Court approved Comparetto's appointment as special counsel over objection of Appellants, expressly relying on 11 U.S.C. § 327(c). *See* Order (Dkt. 9-1). The Bankruptcy Court noted that "[t]he purpose of 327(c) is to allow a creditor's lawyer to come in, who is adverse as he can be against this estate, and represent the estate in a special matter." Hearing Transcript (Dkt. 10-27), p. 7. As discussed below, however, 11 U.S.C. § 327(c) is inapplicable in Chapter 13 cases. Moreover, no other provision of the Bankruptcy Code authorizes Comparetto's appointment as special counsel to the Trustee under these facts.

The Trustee's Application, accompanying affidavit, and argument during the hearing on the motion disclosed that Comparetto represented Fauber in the bankruptcy proceeding. *See* Dkt. 10-22; Dkt. 10-27, p. 5. In objecting to the application, Appellants pointed out the relationship between Fauber and the Debtor as well as payments by Fauber to her attorneys for the purpose of pursuing claims against Appellants. *See* Dkt. 10-23. Appellants noted:

3

> In sum, it would be improper for the Trustee to employ Mr. Comparetto, who represents a creditor who (1) holds a claim against the Debtor, (2) funds the Debtor's attorney's fees in the adversary proceeding against the Creditors, (3) owns a business in which the Debtor had ownership interest, and (4) is a material witness in the said adversary proceeding.

Plaintiffs' Response in Opposition to Trustee's Application to Employ Special Counsel (Dkt. 10-23), ¶ 10.

### Standard of Review

A United States District Court has authority to review decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994).[2] A bankruptcy court's ruling on employment of counsel is reviewed for abuse of discretion. *Blumenthal v. Myers (In re M & M Mktg., L.L.C.)*, 426 B.R. 796, 799 (B.A.P. 8th Cir. 2010); *In re Pillowtex, Inc.*, 304 F.3d 246, 250 (3d Cir. 2002); *In re Sunbum5 Enterprises, LLC*, Nos. 6:10-cv-1268-Orl-28, 6:10-cv-1269-Orl-28, 2011 WL 4529648, at *5 (M.D. Fla. Sept. 30, 2011); *see also In re BH & P Inc.*, 949 F.2d 1300, 1316 (3d Cir. 1991) (holding that a bankruptcy court's decision whether or not to remove counsel due to a conflict of interest is reviewed for abuse of discretion); *cf. Locks v. United States Trustee*, 157 B.R. 89, 92 (W.D. Pa. 1993) (holding that the bankruptcy

---

[2] A district court has discretion to hear an appeal from an interlocutory order of a bankruptcy court under 28 U.S.C. § 158(a)(3). *See, e.g., In re Kassover*, 343 F.3d 91, 94 (2nd Cir. 2003) ("Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."); *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 390 (M.D. Fla. 2008) ("The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion.") (citation omitted); *In re Reserve Production, Inc.*, 190 B.R. 287, 289 (E.D. Tex. 1995) ("Leave to appeal a bankruptcy court's interlocutory order lies in the discretion of the district court."). A district court may also properly use its discretion to hear an appeal of an administrative matter. *See National Westminister Bank USA v. Yaeger (In re RPC Corporation d/b/a Ropco)*, 114 B.R. 116, 119 (M.D.N.C. 1990) (citing *In re Duque*, 48 B.R. 965, 968 (S.D. Fla. 1984)). On June 11, 2012, the Court granted Appellant's Motion for Leave to Appeal Pursuant to Bankruptcy Rule 8003 after concluding that "the appeal will be dispositive of the validity of special counsel's employment and no purpose is served in delaying the appeal (in fact, delaying the appeal could result in the expenditure of unnecessary resources by the parties) ...." Order (Dkt. 8), p. 2.

court's decision not to appoint a futures representative should be reviewed under an abuse of discretion standard).

"A court abuses its discretion 'when its ruling is founded on an error of law or a misapplication of law to the facts.' In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard." *M & M Mktg.*, 426 B.R. at 799 (footnotes omitted) (quoting *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997)); *accord Hatcher v. Miller (In re Red Carpet Corp. of Panama City Beach)*, 902 F.2d 883, 890 (11th Cir. 1990) ("An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures, or bases an award upon findings of fact that are clearly erroneous.").

## Discussion

Section 327 of the Bankruptcy Code applies when a Chapter 13 trustee seeks authority to hire special counsel. *See In re Abrass*, 250 B.R. 432, 436-37 (Bankr. M.D. Fla. 2000) (citing cases). Section 327(a) precludes an "interested" attorney from representing the interests of the trustee or the debtor, unless that representation falls into one of the enumerated exceptions cited elsewhere in Section 327 and, in particular, Section 327(e). An interested attorney is one that "holds or represents an interest adverse to the estate." 11 U.S.C. § 327(a). In this case it is undisputed that Comparetto represents an interest adverse to the Estate, thereby precluding his appointment under Section 327(a).[3]

---

[3] The Bankruptcy Court recognized that Comparetto represented an interest adverse to the estate and, therefore, was not eligible for appointment as general counsel for the Trustee under 11 U.S.C. § 327(a). *See* Hearing Transcript (Dkt. 10-27), pp. 4-5, 7.

5

As an initial matter, the Bankruptcy Court erred as a matter of law in appointing Comparetto as special counsel under 11 U.S.C. § 327(c),[4] since that subsection applies only to "chapter 7, 12, or 11" cases, not Chapter 13 cases. *See In re Abrass*, 250 B.R. at 436-37; *see also In re Tirado*, 329 B.R. 244, 250 (Bankr. E.D. Wis. 2005).[5] Appellee concedes as much in his reply brief, arguing that this Court should affirm the Bankruptcy Court's Order under 11 U.S.C. § 327(e) which provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, **an attorney that has represented the debtor**, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added).[6] Specifically, Appellee argues that this subsection should be construed to apply to an attorney that has represented either the debtor *or* a creditor. In support of this argument, Appellee cites to the 1981 decision of the Bankruptcy Appellate Panel for the Ninth Circuit in *Fondiller v. Robertson (In re Fondiller)*, 15 B.R. 890 (9th Cir. B.A.P. 1981), *appeal dismissed*, 707 F.2d 441 (9th Cir. 1983).

---

[4] Section 327(c) provides:

> In a case under **chapter 7, 12, or 11** of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(emphasis added).

[5] In any event, another creditor (*i.e.*, Appellants) did file an objection to the appointment of Comparetto and it is evident that there is an actual conflict of interest between Comparetto's client (*i.e.*, Fauber) and the Appellants.

[6] The Bankruptcy Court apparently recognized that appointment of Comparetto as special counsel under 11 U.S.C. § 327(e) was improper as Comparetto had not previously represented the Debtor in the bankruptcy proceeding. *See* Hearing Transcript (Dkt. 10-27), pp. 4-5.

In *Fondiller*, the Ninth Circuit concluded that "the omission to provide for the employment of trustee's special counsel, who also represents creditors in the case, was an oversight." *Id.* at 892. This Court cannot agree that the exclusion of attorneys who represented creditors from 11 U.S.C. § 327(e) was merely an oversight by the drafters of the Bankruptcy Code. *See In re Abrass*, 250 B.R. at 436 (discussing the legislative history behind Section 327(e)); *Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 848-49 (D. Del. 1996) (same). Even if the "omission" referred to in *Fondiller* was an oversight in the initial version of Section 327 implemented in 1978,[7] Congress had two opportunities to address any such oversight when it amended Section 327 in 1984 and 1986. It did not do so. The plain language of Section 327(e) therefore excludes attorneys who have represented creditors of the debtor.

The interpretation of Section 327(e) urged by Appellee is not only inconsistent with the plain language of the statute and its legislative history, but is contrary to the interpretation adopted by the majority of courts that have considered the scope of Section 327(e). *See In re Abrass*, 250 B.R. at 435 ("Section 327(e) expressly requires that, in order to serve as special counsel, the attorney must have previously represented the debtor."); *Meespierson Inc.*, 202 B.R. at 848-49 (citing cases recognizing that Section 327(e) imposes a condition that the appointed counsel must have previously represented the debtor); *In re Black & White Cab Co.*, 175 B.R. 24, 26 (Bankr. E.D. Ark. 1994) (concluding that attorney must have previously represented debtor under Section 327(e)); *see also In re Ginco, Inc.*, 105 B.R. 620, 622 (D. Colo. 1988) ("The protection of the integrity of the

---

[7] The legislative history surrounding the enactment of Section 327(e) indicates that the Senate intended that subsection to allow a trustee "to employ for a specified special purpose an attorney that has represented the debtor" and that "[t]he subsection will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." Senate Report No. 95-989.

bankruptcy process is more important than the potential loss of assets for a particular estate. The literal language of the law must be respected and followed."). *But see In re AroChem*, 181 B.R. 693, 698 (Bankr. D. Conn. 1995) (concluding that the drafters of the Bankruptcy Code did not intend to exclude creditors from the section's more permissive conflicts standard, despite the clear language of Section 327(e)). In fact, the Ninth Circuit itself has recognized that the *Fondiller* court simply "reasoned by analogy to § 327(e)" to arrive at its conclusion that a conflict of interest does not automatically arise under Section 327(c) where special counsel has represented a creditor of the debtor. *See Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1992). As noted previously, however, Section 327(c) does not apply in Chapter 13 proceedings.

Appellee cites to no other provision of the Bankruptcy Code authorizing the appointment of an attorney who represents an interest adverse to the estate (*i.e.*, a creditor) and who is otherwise not "disinterested," as special counsel. *See also In re Sally Shops*, 50 B.R. 264, 265-66 (Bankr. E.D. Pa. 1985) (concluding that Section 327(e) governs the appointment of special counsel). While bankruptcy courts are accorded wide discretion in determining whether a conflict of interest exists on the part of an attorney employed by the trustee, *see In re CK Liquidation Corp.*, 408 B.R. 1, 7-8 (B.A.P. 1st Cir. 2009), the Bankruptcy Court abused its discretion in this case by granting the Trustee's motion and allowing Comparetto to serve as counsel for the Debtor under 11 U.S.C. § 327. In this regard, "[i]t is well-established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).

## Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's *Order Approving Application to Employ Anthony J. Comparetto as Special Counsel* (Bankr. Dkt. 117) is **REVERSED**. This cause is remanded for proceedings consistent with this decision. The Clerk is directed to enter judgment accordingly and **CLOSE** this case.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Honorable Michael J. Williamson
Counsel of Record